**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

_____

JERRY SHARPE-MILLER,

      Plaintiff,

    vs.                                                                    2:22-cv-00406-KWR-GJF

WALMART, INC.,
*ET AL*.,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court upon Plaintiff's Motion to Alter Judgment, filed on January 24, 2024.  Doc. 64.  Having reviewed the parties' pleadings and applicable law, the Court finds that Plaintiff's motion is not well taken and is therefore, **DENIED**.

### BACKGROUND

This case is an employment discrimination dispute arising out of Plaintiff's employment with Defendant, Walmart, Inc. ("Walmart").  Plaintiff was employed by Walmart from April 2017 until his resignation on April 30, 2021.  *See* Doc. 57, Ex. B at 99.  Following his resignation, Plaintiff sued Defendants in state court on April 26, 2022, alleging claims of sex discrimination, hostile work environment, and retaliation under 42 U.S.C. § 1981, the Fourteenth Amendment of the U.S. Constitution, Article II, § 18 of the New Mexico Constitution, the New Mexico Human Rights Act, and Title VII of the Civil Rights Act of 1964.  *See* Doc. 1.  Walmart removed this case to this Court.  *Id*.  On October 13, 2023, Defendant filed a Motion for Summary Judgment.  Doc. 57.  This Court granted Defendant's Motion for Summary Judgment

on December 28, 2023.  Doc. 62.  Plaintiff now asks this Court to alter its judgment granting

Defendants' Motion for Summary Judgment.  Doc. 64.

## LEGAL STANDARD

"[A] motion will be deemed a Rule 59(e) motion if it is served within the specified time

period and seeks relief appropriate to Rule 59(e) by questioning the correctness of the underlying

judgment. *Hannon v. Maschner*, 981 F.2d 1142, 1144 n.2 (10th Cir. 1992)." *Hayes Fam. Tr. v.*

*State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017).  Relief under Rule 59(e) is

available when, "(1) an intervening change in the controlling law, (2) [when] new evidence

previously [was] unavailable, and (3) the need to correct clear error or prevent manifest

injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

## DISCUSSION

Plaintiff moves this Court to alter its judgment as to Count II (New Mexico Human

Rights Act claim) and Count III (Title VII of the Civil Rights Act of 1964) specifically as they

relate to Plaintiff's unlawful demotion and termination claims.[1]  Doc. 64 at 3.  Plaintiff asks this

Court to reevaluate specific facts of this case as to both claims.  *Id*. at 4.

### I.   Plaintiff's Demotion Claim

Plaintiff argues the true causes of his demotion were not definitively determined by either

party, and Defendant has not provided evidence demonstrating his demotion for anything other

than unlawful reasons.  *Id*. at 4.  This Court finds Plaintiff's Motion to Amend as to his demotion

claim in Count II is denied.

Plaintiff argues he genuinely disputed Defendant's Undisputed Material Facts ("UMF")

16 and 17.  Doc. 64 at 5.  Specifically, in his Response to Defendant's Motion for Summary

---

[1] Plaintiff limits this request to alter judgment strictly to Counts II and III.  Doc. 64 at 3.

2

Judgment, Plaintiff stated that he "never determined definitively why he was demoted…and speculated it could be for any number of reasons, including voicing his concerns that his team of 26 was being overworked, feedback from his team that he wasn't pushing the issue of overwork enough, interpersonal conflict with manager Ivan ___, and unlawful or discriminatory retaliation."  Doc. 59 at 3-4.  In arguing there are genuine issues of material fact as to UMFs 16 and 17, Plaintiff directs this Court to the deposition testimony of Manager Charles Stark who stated that he was unaware as to why Plaintiff was demoted.  Doc. 64 at 5 citing, Ex. A at 21:6.  In Plaintiff's deposition regarding his demotion, Mr. Sharpe-Miller stated he was "told that [his] work wasn't satisfactory, that they were going to demote [him]," that he did not inquire further into why he was demoted, and then stated that he believed the reason for his demotion might have been the claims issue regarding the spilled product. Ex. B at 88, 92-93.  Plaintiff then later argues he was demoted due to unsatisfactory performance and that he is "without sufficient information that his demotion was not for unlawful reasons."  Doc. 59 at 4.

Conclusory statements, conjecture, or "[t]estimony which is grounded on speculation does not suffice to create a genuine issue of material fact to withstand summary judgment." *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 876 (10th Cir. 2004) citing, *Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir. 1999), *Allen*, 119 F.3d at 846.  Speculative statements as to motives for termination are insufficient to create *genuine* issues of material fact and to establish causality.  *Bones*, 366 F.3d at 876.

Here, this Court finds as it pertains to Plaintiff's demotion claim in Count II under Rule 59(e), Plaintiff has failed to establish that relief is appropriate.  Plaintiff has not shown that there

has been an intervening change of law, new evidence that was previously unavailable, or to correct clear error or prevent manifest injustice.[2]  *Paraclete*, 204 F.3d at 1012.

As to new evidence previously unavailable, Plaintiff argues he had difficulty securing signed affidavits from current and former Walmart employees out of fears of retaliation or adverse employment consequences.  Doc. 64 at 13.  These unsigned affidavits, which purportedly support Plaintiff's case, were never signed and returned.  *Id*.; Doc. 64, Ex. 5. Plaintiff also included screenshots of a Facebook Messenger conversation with a current Walmart employee explaining that fears of retaliation prevented her from assisting Plaintiff. Doc. 64, Ex. 6.

Under Rule 56(c)(1), a party is permitted to file affidavits in support of its position regarding a motion for summary judgment.  Fed.R.Civ.P 56(c)(1)(A).  However, "an unsigned affidavit…does not constitute evidence" for these purposes.  *Estrada v. Cook*, 166 F. Supp. 3d 1230, 1238 (D.N.M. 2015) citing, *Flemming v. Corr. Corp. of Am.*, 143 Fed.Appx. 921, 925 n. 1 (10th Cir.2005); *Elder–Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir.2006) (affirming the exclusion of unsworn affidavits for summary judgment purposes).  Even unsworn declarations must be signed under the penalty of perjury to have the same effect and force as an affidavit.  *Id*. citing, 28 U.S.C. § 1746; *see also Elder–Keep*, 460 F.3d at 984.  Plaintiff concedes he attempted to secure the unsigned affidavits during discovery, and therefore they *were* available at the time of his Response to Defendant's Motion for Summary Judgment, but not presented.  Doc. 64 at 13. As such, the unsigned affidavits and the Facebook Messenger screenshots are not new evidence that was previously unavailable and therefore, cannot be considered as grounds for a Rule 59(e) motion.  Fed. R. Civ. P. 59(e); *Chandhok v. Companion Life Ins. Co.*, 555 F. Supp. 3d

---

[2] Plaintiff filed his Motion within twenty-eight days of the entry of judgment and therefore, this Rule 59(e) requirement is satisfied.  *See* Fed.R.Civ.P. 59(e); Docs. 62, 64.

1092, 1112 (D.N.M. 2021) citing, *Paraclete*, 204 F.3d at 1012; *Nelson v. City of Albuquerqu*e, 921 F.3d 925, 929 (10th Cir. 2019).[3]

Lastly, Plaintiff asserts this Court erred in its ruling for Defendant as to Plaintiff's demotion claim in Count II.  Doc. 64 at 8.[4]  Plaintiff specifically argues "[b]ecause nobody can say, with any certainty, why the Plaintiff was demoted, it is error to construe this disputed material fact, as established, in deciding summary judgment against Plaintiff…[i]t is proper, instead, to allow the jury to decide the facts, on this disputed point."  *Id*.  This Court disagrees and finds Plaintiff has not, under Rule 59(e), demonstrated a need to correct clear error or prevent manifest injustice.

A court commits clear error if its finding "is without factual support in the record or if, after reviewing all the evidence, we are left with a definite and firm conviction that a mistake has been made."  *Aquila, Inc. v. C.W. Mining*, 545 F.3d 1258, 1263 (10th Cir. 2008) citing, *Keys Youth Servs., Inc. v. City of Olathe*, 248 F.3d 1267, 1274 (10th Cir. 2001).  As to "manifest injustice,":

> [A]lthough the term 'manifest injustice' eludes precise definition, it is clear that 'manifest injustice' eludes precise definition, it is clear that 'manifest injustice' is an exceptionally narrow concept in the context of a Rule 59(e) motion.  [U]nder Rule 59(e), manifest injustice does not exist where ... a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered.... [M]anifest injustice arises from rulings that upset settled expectations – expectations on which a party might reasonably place reliance... [M]anifest injustice does not result merely because a harm may go unremedied. Synthesizing these precedents with the phrase's plain language, "manifest injustice" must entail at least (1) a clear and certain prejudice to the moving party that (2) is fundamentally unfair in light of governing law.

---

[3] Alternatively, unsworn affidavits are considered inadmissible hearsay and therefore, insufficient to defeat a motion for summary judgment.  *Thomas v. Int'l Bus. Machines*, 48 F.3d 478 (10th Cir. 1995); *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir.1990); *Stevens v. Barnard*, 512 F.2d 876, 879 (10th Cir.1975).

[4] Plaintiff does not specifically assert clear error or manifest injustice in his Rule 59(e) motion as to his Count II claim, but this Court will address both.

*U.S. Commodity Futures Trading Comm'n v. Gramalegui*, No. 15-CV-02313-REB-GPG, 2018 WL 11376451, *1 (D. Colo. Dec. 21, 2018) citing, *Mohammadi v. Islamic Republic of Iran*, 947 F.Supp.2d 48, 78 (D.D.C. 2013); *Grynberg v. Ivanhoe Energy, Inc.*, 2010 WL 2802649 at *3 (D. Colo. July 15, 2010).

Furthermore, "motions to alter or amend judgment are regarded with disfavor and generally granted only if the court has obviously misapprehended a party's position or the facts. A party's failure to put forth its best case in the first instance does not entitle it to a second change in the form of a motion to alter or amend judgment." *Gramalegui*, No. 15-CV-02313-REB-GPG, 2018 WL 11376451 * 1 citing, *Gorelick v. Department of Treasury*, 1998 WL 472647 at *1 (D. Kan. July 30, 1998).

Plaintiff has not demonstrated that this Court's findings are without factual support in the record or that a definite and firm conviction that a mistake has been made. Nor has Plaintiff argued or established that he is prejudiced by a decision fundamentally unfair in light of governing law. After conceding that his demotion likely occurred because of unsatisfactory job performance related to the claims issue, Plaintiff then argues and admits that his "genuine disputes" to Defendant's UMFs 16 and 17 are speculation. Doc. 57, Ex. B at 88, 92-93; Doc. 64 at 5-6. ("Plaintiff speculated that there could be other reasons justifying his demotion."). While Plaintiff argues ambiguity and speculation as to his demotion and UMFs 16 and 17, speculation and conjecture as to motive are insufficient to establish causality and create genuine issues of material fact to withstand summary judgment.[5] *See Bones*, 366 F.3d at 876; *Rice*, 166 F.3d at

---

[5] Plaintiff specifically alleges in this Motion that the deposition testimony of Manager Charles Stark in which he states he was unaware as to why Mr. Sharpe-Miller was demoted disputes Defendant's UMFs 16 and 17. Doc. 64 at 5. Plaintiff did not assert Mr. Stark's testimony to genuinely dispute Defendant's UMFs 16 and 17 (*see* Doc. 59 at 3-6) and even if he had, such testimony is speculative, immaterial, and does not create a genuine dispute of material fact.

1092; *Allen*, 119 F.3d at 846.  Therefore, this Court found, as asserted by Defendant in UMFs 16 and 17 and through Plaintiff's own deposition testimony, that in the light most favorable to Plaintiff as found in the record, Mr. Sharpe-Miller was demoted for deficient and unsatisfactory performance as a result of his failure to properly manage a claims issue during a work shift. Doc. 57, Ex. B at 88, 93.

Aside from attempting to rehash already settled material facts, Plaintiff has not demonstrated to this Court through argument or case law, clear error or manifest injustice as to his Count II claim.  Plaintiff has not established that this Court entered a finding without factual support in the record or a definite and firm conviction that a mistake has been made.  *Aquila, Inc.*, 545 F.3d at 1263 citing, *Keys Youth Servs., Inc.*, 248 F.3d at 1274.  Nor has Plaintiff demonstrated that this Court's rulings have upset settled expectations or created clear and certain prejudice that is fundamentally unfair in light of the law.  *Gramalegui*, No. 15-CV-02313-REB-GPG, 2018 WL 11376451, *1 citing, *Mohammadi*, 947 F.Supp.2d at 78; *Grynberg*, 2010 WL 2802649 at *3.  Therefore, this Court denies Plaintiff's Rule 59(e) Motion as to Count II.

## II.     Plaintiff's Termination Claim

Regarding Plaintiff's unlawful termination claim, which he asserted in Count III, Plaintiff argues the true causes of his termination were not definitively determined.  Doc. 64 at 8.  This Court finds Plaintiff's Motion to Amend as to his termination claim in Count III is denied.

Plaintiff does not argue that there has been an intervening change in controlling law under Rule 59(e), and this Court previously addressed Plaintiff's argument regarding the unsigned affidavits and Facebook Messenger screenshots.  *See supra* at 4-5.  Rather, Plaintiff argues this Court erred in its judgment,[6] contending that he genuinely disputed Defendant's

---

[6] Plaintiff has not specified whether he is arguing to establish clear error or manifest injustice and therefore, this Court will address both.

UMFs 34, 35, and 36.  Doc. 64 at 10-11.  Specifically, Plaintiff directs this Court to his responses

to Defendant's Motion for Summary Judgment and the deposition testimony of Cassandra

Melendez, Timothy Rocha, and Charles Stark.  *See* Doc. 59 at 8-9; Doc. 64 at 11-12.

In Defendant's UMFs 34, 35, and 36, Defendant stated Plaintiff testified that despite his

knowledge of Walmart's policies and the training he received, Plaintiff struggled with

attendance.  Doc. 57 at 6.  On or about April 2021, Plaintiff had accumulated five points in

Walmart's employee attendance system due to absences and tardies.  *Id*.  Once meeting that five-

point threshold, Plaintiff missed work once again because, according to him, he had jury duty.

*Id*.  As this Court previously found, Plaintiff testified that he struggled with work attendance for

a while and in his Response, apart from argument, did not provide evidence disputing

Defendant's assertion concerning Mr. Sharpe-Miller's attendance record.  Doc. 59 at 8-9, Ex. B

at 153.  Concerning his five-point accumulation, this Court previously found Plaintiff had

accumulated five-points at the time of his termination based on testimony evidence cited by

Defendant and provided by Cassandra Melendez.[7]  Ex. D at 14.  Plaintiff responded to

Defendant's UMF 35 with argument and citation to Miss Melendez's deposition testimony that

did not genuinely dispute Defendant's assertion.  Doc. 59 at 9.  Lastly, concerning Defendant's

UMF 36, this Court found, based on Plaintiff's testimony, once he reached the five-point

threshold, he missed work again because, according to him, he had jury duty.  Doc. 57 at 6 citing

Ex. B at 102.  In his response to Defendant's asserted fact, Plaintiff cited his deposition

testimony in which he conceded he missed work on the date in question, attributing it to jury

duty and an erroneous scheduling entry.  Doc. 59 at 9-10.  As this Court explained, Plaintiff's

response in Document 59 provided argument but did not genuinely dispute Defendant's assertion

---

[7] This Court has previously found that while Plaintiff was initially terminated by Walmart, he was immediately
reinstated and at a later date amicably resigned of his own accord.  *See* Doc 62 at 5.

of material fact.  Plaintiff agreed with Defendant that he had missed work on the date in question because of jury duty – whether or not his absence from work was due to a scheduling error is immaterial to genuinely disputing this material fact.  Furthermore, once Plaintiff's excused absence for jury duty was discovered, Defendant immediately reinstated him as an employee. Ex. D at 10; UMFs 40 and 41.

A court commits clear error if its finding "is without factual support in the record or if, after reviewing all the evidence, we are left with a definite and firm conviction that a mistake has been made."  *Aquila, Inc.*, 545 F.3d at 1263 citing, *Keys Youth Servs., Inc.*, 248 F.3d at 1274. "[M]anifest injustice arises from rulings that upset settled expectations – expectations on which a party might reasonably place reliance... [M]anifest injustice does not result merely because a harm may go unremedied. Synthesizing these precedents with the phrase's plain language, "manifest injustice" must entail at least (1) a clear and certain prejudice to the moving party that (2) is fundamentally unfair in light of governing law."  *U.S. Commodity Futures Trading Comm'n,* 2018 WL 11376451, *1 citing, *Mohammadi*, 947 F.Supp.2d at 78; *Grynberg*, 2010 WL 2802649 at *3.

Here, this Court finds Plaintiff has not demonstrated clear error or manifest injustice as understood under Rule 59(e).  Plaintiff has not demonstrated that this Court's findings are without factual support in the record or a definite and firm conviction that a mistake has been made.  Nor has Plaintiff argued or established that he is prejudiced by a decision fundamentally unfair in light of governing law.  Plaintiff argues this Court erred, citing deposition testimony from Timothy Rocha, Cassandra Melendez, and Charles Stark as they pertain to who exactly terminated Plaintiff and knowledge as to discipline and general attendance behaviors (*see* Doc. 64 at 8-12).  While argumentative, as this Court previously discussed and ruled, when viewed in

the light most favorable to Plaintiff as found in the record, such testimony does not genuinely dispute the material facts Plaintiff takes issue with in his Motion (Doc. 64).  The deposition testimony Plaintiff cites in his Motion (Doc. 64 at 8-12) in support of his termination claim is immaterial as it relates to Count III.  Furthermore, Plaintiff's assertion that such testimony is critical because of general uncertainty surrounding Mr. Sharp-Miller's termination before reinstatement is speculative.  Doc. 64 at 11.  As this Court discussed regarding Plaintiff's demotion claim, speculation and conjecture as to motive are insufficient to establish causality and create genuine issues of material fact to withstand summary judgment.  *See Bones*, 366 F.3d at 876; *Rice*, 166 F.3d at 1092; *Allen*, 119 F.3d at 846.  Plaintiff offered speculation and conjecture in response to Defendant's asserted UMFs.

Plaintiff has not demonstrated that this Court's order granting Defendant's motion for summary judgment is without factual support or "with a definite and firm conviction that a mistake has been made." *Aquila, Inc.*, 545 F.3d at 1263 citing, *Keys Youth Servs., Inc.*, 248 F.3d at 1274.  Furthermore, Plaintiff has not established nor provided case law to demonstrate that he has been subject to clear and certain prejudice that is "fundamentally unfair in light of governing law." *U.S. Commodity Futures Trading Comm'n,* 2018 WL 11376451, *1 citing, *Mohammadi*, 947 F.Supp.2d at 78; *Grynberg*, 2010 WL 2802649 at *3.

Aside from attempting to relitigate already settled material facts, which does not comport with the purposes of Rule 59(e), Plaintiff has not demonstrated to this Court clear error or manifest injustice as to his Count III claim.  *Hayes Family Tr.*, 846 F.3d at 1005.

In sum, Plaintiff has failed to demonstrate that this Court's decision resulted in clear error or manifest injustice.  Plaintiff has not established that this Court misapprehended the facts, a party's position, or controlling law.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend (Doc. 64) is

**DENIED**.

      /s/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE